UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS FLOYD HANLEY, III, ) | |
| ) | No. CV-08-00268-JPH |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 27, 2009. (Ct. Rec. 13, 16). Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13.)

**JURISDICTION**

Plaintiff filed an application for disability insurance benefits (DIB) on June 22, 2006, and an application for supplemental security income (SSI) on June 29, 2006. Both applications allege onset as of April 29, 2006. (Tr. 87.) The

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                              - 1 -

applications were denied initially and on reconsideration. (Tr. 57-60, 64-67.)

At a hearing before Administrative Law Judge (ALJ), Richard A. Say on October 5, 2007, plaintiff, represented by counsel, and vocational expert Dennis Elliot testified. (Tr. 27-50.) On January 18, 2008, the ALJ issued an unfavorable decision. (Tr. 10-24.) The Appeals Council denied a request for review on July 15, 2008. (Tr. 1-4.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 28, 2008. (Ct. Rec. 2, 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 42 years old at the time of the ALJ's decision. (Tr. 28, 424.) He has a high school education. (Tr. 93.) Plaintiff has past work as a tire salesman and manager, and as a card dealer. (Tr. 45, 88.) He initially alleged disability onset as of April 29, 2006, due to staph infection in both feet and nerve damage in his left foot. (Tr. 87.) Later plaintiff alleged disability primarily due to Crohn's disease and chronic cervical disc disease. (Tr. 146, 269.)

///

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.

*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through December 31, 2007. (Tr. 10, 12.) The ALJ found at step one that although plaintiff earned some income after onset, he has not engaged in substantial gainful activity. (Tr. 12, 111, 115.) At steps two and three, the ALJ found that plaintiff suffers from recurrent cellulitis and abscesses of the lower extremities, Crohn's disease, and degenerative disc disease of the cervical spine, status post-fusions, impairments that are severe but which do not alone or in combination meet or medically equal a Listing impairment. (Tr. 12, 15.) The ALJ found plaintiff less than completely credible. (Tr. 19-23.) At step four, relying on the VE, the ALJ found plaintiff's RFC for a range of sedentary work enables him to perform his past relevant work as a card dealer. (Tr. 23.) Because step four was determinative, the ALJ was not required to proceed to step five. Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social

Security Act.  (Tr. 24.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly weigh the medical evidence and by finding at step four that plaintiff is able to perform his past relevant work as a card dealer.  (Ct. Rec. 14 at 4-9.)  The Commissioner responds that the ALJ appropriately weighed the evidence and asks the Court to affirm his decision.  (Ct. Rec. 17 at 17).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability."  *Magallanes v. Bowen,* 881 F.2d 747,

751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to properly credit treating physician Ron L. Crabtree, M.D.'s opinion that plaintiff was unemployable and met or equaled Listing 5.06 (inflammatory bowel disease). (Ct. Rec. 14 at 4, 6-9.) The ALJ gave little weight to Dr. Crabtree's opinion because: (1) in April of 2007, Dr. Crabtree expected plaintiff would be unemployable for a period of six months, not twelve as required by the Act; (2) plaintiff's Crohn's disease drastically improved with corticosteroid

treatment; and (3) Dr. Crabtree's opinion with respect to Listing 5.06 opinion is vague, unexplained, and insufficiently supported by the evidence. (Tr. 13, 15.)

The ALJ is correct that Dr. Crabtree opined in April of 2007 he expected plaintiff would be unemployable for six months due to pain and hyperesthesia of the lower extremities and a recent (April 2007) hospitalization for pancreatitis. (Tr. 13, referring to Exhibit 11F.) The ALJ notes that Dr. Crabtree was plaintiff's treating physician for only a month when he made this assessment. (Id, referring to Tr. 315, 317.)

The ALJ observes Dr. Crabtree opined after his initial evaluation on March 22, 2007, that plaintiff's pain and skin issues dramatically improve when using steroids to treat Crohn's disease, a statement that appears to contradict his later opinion. (Tr. 13, referring to Exhibit 11F.) The ALJ points out that after this initial appointment, plaintiff failed to keep his next appointment with Dr. Crabtree and with a scheduled dermatological evaluation. (Tr. 14, referring to Exhibit 13F.) These are specific and legitimate reasons for giving Dr. Crabtree's opinions less weight.

With respect to the opinion of Dr. Crabtree and of Lori Ksander, M.D., that plaintiff met or equaled Listing 5.06, the ALJ stated:

> Post hearing, the claimant submitted completed forms from Ron L. Crabtree, M.D., and from Lori Ksander, M.D., wherein each was asked to determine whether the claimant had a medically determinable impairment that met or equaled Listing 5.06 Inflammatory Bowel Disease (IBD)[fn omitted.](Exhibits 16F and 17F.) Although each doctor marked "5.06 Inflammatory Bowel Disease(IBD)" on the form requesting their opinion of the claimant's medical condition, each

>neglected to indicate which part was satisfied, A and/or B, and failed to specify whether the claimant's condition "met" or "medically" equaled the listing despite both options being fully described in the form.
>
>In addition, Dr. Crabtree indicated his medical opinion was based on a "colon biopsy" and Dr. Ksander's medical opinion was noted to be based on colonoscopies and an esophagogastroduodenoscopy (EGD) allegedly performed on or about April 14, 2007, which was not submitted as evidence to the record. Essentially, the forms confirmed the diagnosis of Crohn's disease but failed to set forth the specific medical findings statutorily necessary to meet or medically equal Listing 5.06. Although the opinions have been duly considered, such are given little evidentiary weight as the implied nature and severity of the claimant's Crohn's disease is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with other substantial evidence in the record as discussed in detail below.

(Tr. 15.)

The only objective evidence related to this issue is a CT of small bowel exam dated April 3, 2007, which shows sigmoid colitis, consistent with plaintiff's history of Crohn colitis, normal-appearing bowel and small mesenteric lymph nodes medial to the ascending colon, likely related to the patient's Crohn's disease. (Tr. 356.) The ALJ notes treating physician Robert Ogburn, M.D., opined in March of 2007 plaintiff had a history of poor medical compliance, including poor preparation for his December 2006 colonoscopy, failing to show up for a two week follow-up appointment in January of 2007, failing to set appointments for a small bowel series, and abruptly stopping taking prescribed corticosteroid. When plaintiff asked Dr. Ogburn to change his primary practitioner, he (Dr. Ogburn) recommended Dr. Crabtree. (Tr. 13, referring to Exhibit 11F.)
Additionally, on November 22, 2006, seven months after onset, plaintiff refused Dr. Ogburn's suggestion that he undergo a

1  colonoscopy. (Tr. 249.)  As the ALJ notes, the record does not
2  contain the test results Drs. Crabtree and Ksander claim to rely
3  on when opining plaintiff meets Listing 5.06.
4      The ALJ properly rejected the opinion of Drs. Crabtree and
5  Ksander that plaintiff's impairments meet or equal Listing 5.06
6  because they are vague, unexplained, and, most importantly,  not
7  supported by the requisite medical evidence.
8      The ALJ observes that Peter Bauer, M.D., was plaintiff's
9  primary care physician in January of 2006, three months before
10 onset. (Tr. 14, referring to Tr. 163-174.) Plaintiff complained of
11 pain returning in his fingers, recurring left shoulder pain, and
12 burning, swelling and painful feet.  Dr. Bauer's examinations
13 showed loss of range of motion in the cervical spine, an intact
14 gait with no peripheral edema, and reduced ankle flexion.  Dr.
15 Bauer assessed stable cervical disc degeneration, tendonitis of
16 the left subacromial joint and unchanged bilateral degenerative
17 joint disease of the ankles.  (Tr. 168.)  On January 25, 2006, Dr.
18 Bauer found plaintiff was capable of light exertion work and able
19 to perform his then current casino job.  (Tr. 14, referring to Tr.
20 168-169.)
21     The ALJ notes that on July 11, 2006, Kenneth Jones, M.D., a
22 plastic surgeon, opined that a skin graft he performed on
23 plaintiff's ankles would result in no long-term disability.  (Tr.
24 13, referring to Tr. 223.)
25      The ALJ considered the opinion of physician Feyi Ward, M.D.
26 (Tr. 21-22, referring to Exhibit 14F.)  At the hearing,
27 plaintiff's counsel suggested obtaining the opinion of a medical
28 expert or sending plaintiff to a consultative evaluation to assess

his [plaintiff's] RFC. (Tr. 27.)  After hearing the testimony, the ALJ agreed.  (Tr. 49.)  On November 12, 2007, Dr. Ward reported his findings after he reviewed  plaintiff's records and performed a consultative exam.  (Tr. 377-382.)

The ALJ weighed Dr. Ward's diagnosis of controlled and stable Crohn's diseases with associated pyoderma gangrenosum, neuropathic left foot pain treated with adequate pain medications, and chronic neck pain "resulting in the ability to work at occupations not requiring prolonged standing and walking."  (Tr. 22.)  Plaintiff was noted to have no limitation in his use of his hands based on testing showing the right hand fine dexterity to be normal, as well as normal upper extremity strength and range of motion.  (Tr. 22, referring to Exhibit 14F.)

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible.  (Tr. 19.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.

1  1998). Absent affirmative evidence of malingering, the ALJ's
2  reasons for rejecting the claimant's testimony must be "clear and
3  convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).
4  "General findings are insufficient: rather the ALJ must identify
5  what testimony not credible and what evidence undermines the
6  claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v.*
7  *Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).
8      The ALJ relied on several factors when he assessed
9  credibility: objective medical findings do not support the degree
10 of impairment claimed; inconsistent statements; failure to follow
11 recommended courses of treatment, and activities inconsistent with
12 the degree of impairment alleged. (Tr. 19-22.)
13     The ALJ's reasons are clear, convincing, and supported by
14 substantial evidence. A claimed impairment usupported by
15 objective evidence noted by the ALJ is plaintiff's testimony that
16 he has difficulty maintaining his grasp of objects (Tr. 38-39)
17 including cups, pens, and, in his last position as a card dealer,
18 cards. (Tr. 21.) This claim is unsubstantiated by plaintiff's
19 chart notes, which do not indicate any upper extremity weakness or
20 confirmation of severe bilateral hand numbness or pain. And, the
21 ALJ points out, the complaint is not supported by the results of
22 Dr. Ward's testing. (Tr. 21.)
23     Plaintiff stated he was prescribed a cane (Tr. 105) and
24 testified a cane was never prescribed. (Tr. 35.) The ALJ notes
25 plaintiff testified he has constant foot pain and swelling
26 "inhibiting his ability to stand and walk and requiring him to
27 elevate his feet most of the day," yet
28     [T]he record shows that during the relevant time
         period the claimant's lower extremities were noted

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

> to have no edema or only slight swelling and there are no recommendations the claimant was to stay off his feet or elevate his feet except for the two weeks following his ankle debridements in May 2006.

(Tr. 19.)

The ALJ notes plaintiff failed to follow through with recommended treatment by missing several medical appointments, failing to show for a scheduled small bowel CT series, refusing to stay an additional night in the hospital to have a colonoscopy the next day, and being described by his gastroenterologist as having poor medical compliance. (Tr. 20.)  As the ALJ points out, if plaintiff's conditions were as severe as alleged, it is unlikely he would miss medical appointments and fail to follow recommended treatment.  (Id.)

Plaintiff's activities include living alone and caring for all household chores, visiting with friends, driving, shopping, and in good weather putting at a golf course for 20 to 30 minutes. (Tr. 20, 142.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

To the extent the ALJ rejected the contradicted opinions of Drs. Crabtree and Ksander, his reasons are legitimate, specific,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 14 -

and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(holding that the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

There is no error in the ALJ's assessment of the evidence.

**B. Ability to perform past relevant work**

Plaintiff alleges the ALJ erred by finding he can perform his past work as a card dealer because Dr. Ward's opinions do not support the conclusion. (Ct. Rec. 14 at 5.) The Commissioner responds that this is an issue left to the ALJ. (Ct. Rec. 17 at 16-17.)

The Commissioner is correct. Dr. Ward gave an opinion as to plaintiff's RFC. The RFC assessed by the ALJ is consistent with Dr. Ward's. The VE opined that a person with plaintiff's RFC and background could perform his past relevant work as a card dealer. Plaintiff fails to meet his burden at step four of establishing that he is unable to perform his past relevant work. The ALJ's step four determination is without error and supported by the record.

1  The ALJ's assessment of the medical evidence, plaintiff's credibility, and step four determination is supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 30th day of March, 2009.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE